Charles A. Loreto, J.
Petitioner seeks a certificate of reasonable doubt and release under bail pending determination on appeal from a judgment of conviction of the crime of possession of marijuana. This application is pursuant to sections 527 and 529 of the Code of Criminal Procedure. Defendant was sentenced to an indeterminate term in the State prison of not less than four nor more than six years. His notice of appeal to the Appellate Division, First Department, was served on June 19, 1958.
Petitioner asserts that there were only two factual witnesses, the arresting officer and himself, who were-in a position to give testimony as to whether or not he knowingly possessed mari *1069 juana. He asserts that this issue was decided on prejudice and unfair remarks by the District Attorney and on collateral matters introduced by the latter, not proved. Petitioner had been convicted of possession of marijuana in Panama 15 years ago. The District Attorney questioned him regarding an alleged arrest in February, 1957, and possession of narcotics on other dates, which he denied. Confronted with these denials, the District Attorney declared before the jury ‘1 am in a position to bring in any witnesses ”, to which objection was made, the court observing to the District Attorney, “ Be careful as to the scope of your remarks.”
The petitioner asserts that the cross-examination as to asserted collateral misconduct prior to petitioner’s arrest on the charge at hand was in violation of his right to a fair trial. There is strength in the argument that the District Attorney knew that he could not introduce proof of the alleged collateral misconduct and that his declaration that he could bring in witnesses, by reason of the fact that he spoke as an official, could have caused the jury to disbelieve the petitioner as to those charges. Therefore, it is urged that the single issue in the case not proved beyond a reasonable doubt was erroneously decided by the jury by reason of the prejudicial cross-examination and remark.
The court will not consider other points raised on this application. It is satisfied that an appellate court may deem the matter herein alluded to of sufficient significance and possible prejudice to warrant a new trial. The court can well appreciate the natural revulsion that the able District Attorney had toward one whom he believed to be a substantial trafficker in narcotics. However, he was carried away by his zeal during the trial and it may be held on appeal that he overstepped the limits of proper prosecution of this case (Berger v. United States, 295 U. S. 78, 88; People v. Fielding, 158 N. Y. 542).
The motion is granted. Settle order on notice, with suggestions as to amount of bail and the reasons therefor.